**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

TAHA Y. ELEIWA,

                Petitioner,

                v.

COMMISSIONER NJDOC, et al.,

                Respondents.

Civil Action No. 25-14964 (MAS)

**OPINION**

---

**SHIPP, District Judge**

    This matter comes before the Court on Petitioner Taha Y. Eleiwa's habeas petition (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 3). Petitioner's application also serves as his response to the Court's Order directing him to show cause as to why his petition should not be dismissed for lack of exhaustion. (*See* ECF No. 2.) Having reviewed the application, the Court finds that Petitioner has shown his entitlement to proceed *in forma pauperis*, and the application shall be granted. As Petitioner shall be granted *in forma pauperis* status, the Court is required by Rule 4 of the Rules Governing Section 2254 Cases to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be denied and Petitioner shall be denied a certificate of appealability.

**I.    BACKGROUND**

    Following Petitioner's guilty plea to second degree aggravated assault, third degree burglary, and third degree credit card fraud, Petitioner was sentenced to five years' imprisonment

in January 2024 in the Superior Court of New Jersey, Law Division, Middlesex County. (ECF No. 1 at 2.) Petitioner filed an appeal, arguing that the sentencing judge had not properly weighed the aggravating and mitigating factors and that his sentence was therefore unlawful. (*Id.* at 3.) The Appellate Division remanded the case, and Petitioner was resentenced in November 2024. (*See* ECF No. 3 at 1.) Petitioner appealed his receipt of the same sentence, and his case was remanded again in June 2025. (*Id.*) Petitioner also filed a PCR petition during the pendency of his appeal, which was dismissed without prejudice following the remand for a second resentencing. (*Id.*) Petitioner was thereafter resentenced a third time, again to five years imprisonment, on July 30, 2025. (ECF No. 1 at 2.) Petitioner neither returned to the Appellate Division for a third round of appeals, nor did he ever appeal his sentence to the New Jersey Supreme Court. (ECF No. 3 at 1; ECF No. 1 at 3.) Petitioner now raises a single claim in his habeas petition: that the sentencing judge did not properly weigh mitigating and aggravating factors under state law in sentencing him, and that he should therefore receive a new resentencing or a further reduced sentence. (ECF No. 1 at 6.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. **DISCUSSION**

In his habeas petition, Petitioner presents a single claim – that his sentencing judge did not properly weigh mitigating and aggravating factors under state law and that he should therefore

3

receive a sentencing reduction or new sentence. Petitioner, however, was required to raise that claim in all three levels of the state court before pursuing that claim in a habeas proceeding. As this Court previously explained,

> A habeas petition "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). As the exhaustion rule requires a habeas petitioner to afford the state courts the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief, a habeas petition[er] challenging a New Jersey judgment of conviction must fairly present each alleged federal ground for relief raised in his habeas petition to all three levels of the New Jersey state courts – the Law Division, Appellate Division, and New Jersey Supreme Court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. Mar. 10, 2015). As Petitioner does not appear to have raised his claims to the state appellate courts after his resentencing, his claim appears to be unexhausted.
>
> Where a District Court is faced with a habeas petition that contains unexhausted claims, the District Court has four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [petitioner] to delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] found all of [petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). A stay can only be granted where the petitioner's claims are of at least arguable merit, there is no evidence of dilatory tactics by the petitioner, and the [p]etitioner has shown good cause for his failure to earlier exhaust his claims. *Id.*

(ECF No. 2 at 2-3.)

Although Petitioner twice appealed his sentence and twice received a remand for a resentencing, he does not allege nor does it appear that he ever appealed his third sentence to the Appellate Division, nor does he appear to have ever appealed his sentence to the state Supreme Court. As Petitioner's sole habeas claim therefore appears unexhausted, and as Petitioner has not requested or sought a stay pending exhaustion, this Court is left with two options. The Court could dismiss the petition as unexhausted as it appears that Petitioner has not fully exhausted his claims on the merits following his most recent resentencing. Or the Court could dismiss Petitioner's sole habeas claim to the extent it is without merit. Given Petitioner's assertion that he did fully exhaust his claim and based upon the lack of a full record, the Court must take the second option, notwithstanding the fact that Petitioner's claim appears to have never been fully exhausted on the record provided.

Here, Petitioner's sole habeas claim is without merit and must be denied as such. Petitioner asserts that the trial judge did not properly weigh the state law aggravating and mitigating factors in determining his sentence, and that he should therefore receive a resentencing or a reduction of his sentence. Petitioner does not allege that his sentence is beyond the range applicable to his crimes of conviction, or that his sentence otherwise violated a Federal constitutional right. Because federal courts do not have the authority during habeas review to re-examine issues of state law, *Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991), and "sentencing is a matter of state criminal procedure and [generally] does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus," alleged sentencing errors by a state court will not warrant habeas relief unless the sentence imposed was outside of the range authorized by the crime in question or was otherwise beyond the sentencing judge's authority. *See, e.g., Sutton v. Blackwell*, 327 F. Supp. 2d 477, 486 (D.N.J. 2004) (quoting *Grecco v. O'Lone*, 661 F. Supp. 408, 415 (D.N.J. 1987). Under New Jersey law, a crime of the second degree carries a standard sentencing range

of "between 10 and 20 years'" imprisonment, and a third degree crime is punishable by a fixed term sentence of "between five and 10 years[.]" N.J. Stat. Ann. § 2C:43-7(a)(3)-(4). Petitioner received a five-year sentence, which is well below the standard range for his second degree conviction, and well within the range for his two third degree convictions. Petitioner's sentence was not beyond the term authorized by state law. Moreover, Petitioner has not alleged, let alone shown, that his sentence was otherwise beyond the jurisdiction and authority of the sentencing judge. Petitioner thus cannot show that his sentence amounts to a deprivation of his rights warranting habeas relief. Petitioner's state law error sentencing claim is thus meritless and must be denied as such.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Petitioner's sole habeas claim is without merit for the reasons set forth above, he has failed to make a substantial showing of a denial of a constitutional right, and his petition is not adequate to receive encouragement to proceed further. This Court therefore denies Petitioner a certificate of appealability.

V.  **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED** and Petitioner is **DENIED** a certificate of appealability.  An order consistent with this Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:**  January 20, 2026